| | |
|---|---|
| 1 | Robert P. Zahradka (SBN 282706) |
| | rzahradka@aldridgepite.com |
| 2 | Joseph C. Delmotte (SBN 259460) |
| | jdelmotte@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |

Attorney for
Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 14-43816 RLE |
| JAMES WESLEY FOWLER and TERESA MARIE FOWLER, | Chapter 13 |
| | R.S. No. RPZ-228 |
| Debtors. | **DECLARATION OF** Carrie Moss Witworth **IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | **Hearing**: |
| | Date: April 19, 2017 |
| | Time: 1:30 p.m. |
| | Place: 201 |
| | 1300 Clay Street |
| | Oakland, CA 94612 |

I, Carrie Moss Whitworth, declare under penalty of perjury as follows:

1. I am a/an <u>Vice President Loan Documentation</u> of Wells Fargo Bank, N.A. ("Wells Fargo") and am authorized to sign this declaration on behalf of Wells Fargo. This declaration is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

-1- CASE NO. 14-43816 RLE
**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

2. As part of my job responsibilities for Wells Fargo, I have personal knowledge of and am familiar with the types of records maintained by Wells Fargo in connection with the account that is the subject of the Motion (the "Account") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Wells Fargo that pertain to the Account and extensions of credit given to the Debtors concerning the property securing such Account.

3. The information in this declaration is taken from Wells Fargo's business records regarding the Account. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (b) kept in the course of Wells Fargo's regularly conducted business activities. It is the regular practice of Wells Fargo to create and maintain such records.

4. Debtor(s), James W Fowler and Teresa M Fowler, have executed and delivered or are otherwise obligated with respect to the attached promissory note, (the "Debt Agreement") Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. Pursuant to the attached Deed of Trust (the "Security Instrument"), all obligations of the Debtor(s) under and with respect to the Debt Agreement and the Security Instrument are secured by the property referenced in the Motion. On or about December 31, 2007, World Savings Bank, FSB ("WSB") charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia"). On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW"). On the same date, WFBSW merged with and into Wells Fargo Bank, National Association. The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and the Debtors dated May 31, 2011 (the "Loan Modification Agreement").

5. As of March 15, 2017, there are one or more defaults in paying post-petition amounts due with respect to the Debt Agreement.

6. As of March 15, 2017, the unpaid principal balance of the Debt Agreement is $417,679.72.

7. The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt Agreement, that have been missed by the Debtors as of March 15, 2017:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 14 | 11/1/2014 | 12/1/2015 | $2,461.14 | $451.18 | $2,912.32 | $40,772.48 |
| 3 | 1/1/2016 | 3/1/2016 | $2,461.14 | $545.47 | $3,006.61 | $9,019.83 |
| 2 | 4/1/2016 | 5/1/2016 | $2,483.38 | $545.47 | $3,028.85 | $6,057.70 |
| 10 | 6/1/2016 | 3/1/2017 | $2,483.38 | $535.25 | $3,018.63 | $30,186.30 |
| Less post-petition partial payments (suspense balance): | | | | | | **($ 352.61)** |

**Total: $85,683.70**

8. As of March 15, 2017, the total post-petition arrearage/delinquency and amount necessary to cure the post-petition default alleged in the Motion is $85,683.70, consisting of (i) the foregoing total of missed post-petition payments in the amount of $85,683.70, plus (ii) the following post-petition fees:[1]

| Description | Amount |
|---|---|
| N/A | $0.00 |

---

[1] The total of missed post-petition payments for this impounded loan include any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, post-petition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, Wells Fargo will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly.

9. The timing and/or amount of Debtors payments changed because an ARM adjustment and/or escrow adjustment and/or interest rate adjustment. Wells Fargo caused written notice of this changed amount to be provided to the debtor.

10. The following documents are attached as exhibits and incorporated herein by reference:

(a) Attached hereto as Exhibit A is a true and correct copy of the Debt Agreement.

(b) Attached hereto as Exhibit B is a true and correct copy of the Security Instrument.

(c) Attached hereto as Exhibits C and D are true and correct copies of the documents evidencing the name change and mergers from World Savings Bank, FSB, with and into Wells Fargo Bank, N.A.

(d) Attached hereto as Exhibit E is a true and correct copy of the Loan Modification Agreement.

(e) Attached hereto as Exhibit F is a complete post-petition payment history.

(f) Attached hereto as Exhibit G is an addendum listing all fees and charges assessed to the account of the Debtors post-petition.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Carrie Moss Whitworth*
Carrie Moss Whitworth
Vice President Loan Documentation
Wells Fargo Bank, N. A.
March 23, 2017

-4-  CASE NO. 14-43816 RLE
**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**